AEE

FILED
JANUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **THEOPHILUS FITZPATRICK,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| **CITY OF CHICAGO,** | ) | |
| **Chicago Police Officers** | ) | |
| **JEFFREY CEPEDA, Star 13354,** | ) | Jury Demand |
| **FREDI BARROSO, Star 16309,** | ) | |
| **STEVEN ROSS, Star 3932, and** | ) | |
| **MELANI MALCZEWSKI, Star 7105,** | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 152**

**JUDGE DOW**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Plaintiff has multiple sclerosis.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

9. On or about January 29, 2007, Plaintiff was in his car listening to music.

10. Plaintiff's car was parked in a lot next to his home.

11. Plaintiff fell asleep while listening to music.

12. Upon information and belief, at approximately 3:20 a.m., while Plaintiff was asleep, Defendants CEPEDA, BARROSO, ROSS, and MALCZEWSKI approached Plaintiff's car.

13. Upon information and belief, the Defendant-Officers knocked on the window of Plaintiff's car.

14. Plaintiff did not hear the Defendant-Officers knocking.

15. Upon information and belief, Defendant CEPEDA opened Plaintiff's car door.

16. Defendant CEPEDA grabbed Plaintiff and pulled him from his car.

17. Plaintiff was seized and not free to leave.

18. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19. After Defendant CEPEDA dragged Plaintiff from his car, Defendants CEPEDA, BARROSO, ROSS, and MALCZEWSKI hit and kicked Plaintiff.

20. The beating caused Plaintiff severe physical pain and suffering.

21. Plaintiff suffered a large abrasion to his right cheek.

22. Plaintiff was then handcuffed.

23. Plaintiff was under arrest.

24. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis arrest Plaintiff.

25. Plaintiff was transported to the 3rd District police station.

26. Plaintiff was falsely charged with battery to Defendant CEPEDA.

27. After Plaintiff left the police station, he sought medical attention for the injuries he received from the beating by the Defendant-Officers.

28. On July 16, 2007, in the Cook County Circuit Court, a bench trial was held in <u>People v. Theophilus Fitzpatrick</u>, case no. 07MC1189711. Plaintiff was found not guilty.

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish, and special damages including medical expenses and attorneys' fees.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

33. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

34. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

35. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

36. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest Plaintiff.

37. The actions of Defendant-Officers in arresting Plaintiff without any legal

justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

38. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

39. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

40. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

41. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

42. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

43. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

44. Defendant CEPEDA instituted charges against Plaintiff for battery.

45. There was not probable cause for such charges.

46. Plaintiff was found not guilty on all counts.

47. The charges were terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CEPEDA;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

48. The acts of Defendant CEPEDA described in the supplementary state law claim specified above were willful and wanton, and committed in the scope of employment.

49. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

50. The acts of the individual Defendant-Officers described in the above claims were

willful and wanton, and committed in the scope of employment.

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595