IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THEOPHILUS FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 152 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE DOW |
| Chicago Police Officers | ) | |
| JEFFREY CEPEDA, Star , | ) | Magistrate Judge Valdez |
| FREDI BARROSO, Star 16309, | ) | |
| STEVEN ROSS, Star 3932, and | ) | |
| MELANI MALCZEWSKI, Star 5392, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, City of Chicago, and Chicago Police Jeffrey Cepeda, Fredi Barroso, Steven Ross, and Melani Malczewski, (referred to herein as "Defendant Officers"), (referred to collectively as "Defendants"), by one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, for their Answers, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Defendants admit that jurisdiction is proper, but deny that Defendant Officers engaged in any wrongful or illegal conduct.**

2.  Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** **Defendants admit that jurisdiction is proper, but deny that Defendant**

Officers engaged in any wrongful or illegal conduct.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny that Defendant Officers engaged in any wrongful or illegal conduct.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

5. Plaintiff has multiple sclerosis.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

### Facts

9. On or about January 29, 2007, Plaintiff was in his car listening to music.

**ANSWER:** Defendants admit that at approximately 3:20 am on January 29, 2007, they observed Plaintiff in his car. Defendants deny that Plaintiff was listening to music at

approximately 3:20 am on January 29, 2007. Defendants are without information or knowledge sufficient to form a belief as to the truth of any remaining allegations.

10. Plaintiff's car was parked in a lot next to his home.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11. Plaintiff fell asleep while listening to music.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Upon information and belief, at approximately 3:20 a.m., while Plaintiff was asleep, Defendants CEPEDA, BARROSO, ROSS, and MALCZEWSKI approached Plaintiff's car.

**ANSWER:** Defendants admit that at approximately 3:20 am, Defendant Officers Cepeda and Barroso approached Plaintiff's car. Defendants deny that Defendant Officers Ross and Malczewski approached Plaintiff's car. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. Upon information and belief, the Defendant-Officers knocked on the window of Plaintiffs car.

**ANSWER:** Defendants admit that Defendant Cepeda knocked on the window of Plaintiff's car. Defendants deny the remaining allegations contained in this paragraph.

14. Plaintiff did not hear the Defendant-Officers knocking.

**ANSWER:** Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Upon information and belief, Defendant CEPEDA opened Plaintiff's car door.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

16. Defendant CEPEDA grabbed Plaintiff and pulled him from his car.

**ANSWER: Defendants deny the chronology implied by the preceding paragraph. Defendants admit that at some point, Defendant Cepeda grabbed Plaintiff and pulled him from his car.**

17. Plaintiff was seized and not free to leave.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

18. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

19. After Defendant CEPEDA dragged Plaintiff from his car, Defendants CEPEDA, BARROSO, ROSS, and MALCZEWSKI hit and kicked Plaintiff.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

20. The beating caused Plaintiff severe physical pain and suffering.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

21. Plaintiff suffered a large abrasion to his right cheek.

**ANSWER: Defendants admit that Plaintiff suffered an abrasion to his left cheek. Defendants deny the remaining allegations contained in this paragraph.**

22. Plaintiff was then handcuffed.

**ANSWER: Defendants admit that at some point Plaintiff was handcuffed.**

23. Plaintiff was under arrest.

**ANSWER: Defendants admit that at some point Plaintiff was under arrest.**

24. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not

have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis arrest Plaintiff.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

25. Plaintiff was transported to the 3rd District police station.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

26. Plaintiff was falsely charged with battery to Defendant CEPEDA.

**ANSWER:    Defendants admit that Plaintiff was charged with battery to Defendant Cepeda. Defendants deny the remaining allegations contained in this paragraph.**

27. After Plaintiff left the police station, he sought medical attention for the injuries he received from the beating by the Defendant-Officers.

**ANSWER:    Upon information and belief, Defendants admit that Plaintiff sought medical attention at some point after he left the police station. Defendants deny the remaining allegations contained in this paragraph.**

28. On July 16, 2007, in the Cook County Circuit Court, a bench trial was held in <u>People v. Theophilus Fitzpatrick</u>, case no. 07MC1189711. Plaintiff was found not guilty.

**ANSWER:    Upon information and belief, Defendants admit the allegations contained in this paragraph.**

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish, and special damages including medical expenses and attorneys' fees.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

## COUNT I
### (42 U.S.C. § 1983-Unreasonable Seizure)

31.   Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:   Defendants restate their answers to paragraph 1 through 30 as if fully set forth herein.**

32.   Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

33.   Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

34.   The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

35.   Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:   Defendants restate their answers to paragraph 1 through 30 as if fully set forth herein.**

36.   Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest Plaintiff.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

6

37. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:  Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (42 U.S.C. § 1983 - Excessive Force)

38. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:  Defendants restate their answers to paragraph 1 through 30 as if fully set forth herein.**

39. The Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:  Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### (42 U.S.C. § 1983 - Failure to Intervene)

40. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein,

**ANSWER:  Defendants restate their answers to paragraph 1 through 30 as if fully set forth herein.**

41. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

42.   Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT V
### (State Law Claim for Malicious Prosecution)

43.   Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:**     **Defendants restate their answers to paragraph 1 through 30 as if fully set forth herein.**

44.   Defendant CEPEDA instituted charges against Plaintiff for battery.

**ANSWER:**     **Defendants admit that Plaintiff was charged with battery. Defendants deny the remaining allegations contained in this paragraph.**

45.   There was not probable cause for such charges.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

46.   Plaintiff was found not guilty on all counts.

**ANSWER:**     **Upon information and belief, Defendants admit that Plaintiff was found not guilty of committing the offense of battery. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

47. The charges were terminated in a manner indicative of Plaintiff's innocence.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT VI
### (State Law *Respondeat Superior* Claim)

48. The acts of Defendant CEPEDA described in the supplementary state law claim specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

49. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER:    Defendants deny that Plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

50. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendants admit that the Illinois Tort Immunity Act, 745 ILCS 10/9-102 provides that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102. Defendants deny the remaining allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. At all times relevant to the events alleged in Plaintiff's First Amended Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, is entitled to qualified immunity as a matter of law.

2. Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

3. Under the Illinois Tort Immunity Act, the Defendants are not liable for the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745

ILCS 10/2-202.

4. Under the Illinois Tort Immunity Act, the Defendants are not liable for the allegations because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision as to what action to take with regard to the Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

6. Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

## JURY DEMAND

Defendants request a trial by jury.

Respectfully submitted,

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493